UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGDALENA KULISZ, et al.,

                              Plaintiffs,

        -v-                                                CIVIL ACTION NO. 25 Civ. 10846 (AT) (SLC)

                                                           **ORDER**
PAYPAL, INC.,

                              Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of the request for a PACER fee exemption filed by Plaintiffs Magdalena Kulitz ("Kulitz") and Shahar Kenan ("Kenan") (together, "Plaintiffs"). (Dkt. No. 27 (the "PACER Request")). For the reasons set forth below, the PACER Request is **GRANTED** with respect to Kulitz.[1]

"To ensure adequate funding for PACER, users are charged fees for accessing documents or performing other tasks on the system." Oliva v. Brookwood Coram I, LLC, No. 14 Civ. 2513 (JMA) (AYS), 2015 WL 1966357, at *1 (E.D.N.Y. Apr. 30, 2015). PACER fees are set forth in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States Courts. See Electronic Public Access Fee Schedule, United States Courts (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (the "Fee Schedule").

---

[1] Pursuant to the Guide to Judiciary Policy, Volume 10 (Public Access and Records): Chapter 2 – Electronic Public Access, paragraph 1(e), we are entering separate orders for Kulitz and Kenan, to ensure that each of their PACER accounts displays the fee exemption.

Generally, users are charged a fee of 10 cents per page (up to a maximum of 30 pages) for accessing docketing, case documents, transcripts or reports on PACER. See Fee Schedule. The usage fee is automatically waived for accessing judicial opinions and any information or documents viewed at a courthouse public access terminal. Id. There is also an automatic fee exemption for pro se litigants. Id. ("Parties in a case (including pro se litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.").

Courts may exercise their discretion to grant additional exemptions, but the party seeking a discretionary exemption "must demonstrate that an exemption beyond the four automatic exemptions 'is necessary . . . to avoid unreasonable burdens and to promote public access to information.'" In re Club Ventures Invs. LLC, 507 B.R. 91, 99–100 (S.D.N.Y. 2014). Examples of individuals that a court may consider for a PACER fee exemption include indigents. See Fee Schedule.

Here, Plaintiffs have represented that they are "currently displaced/in shelter and do not have the ability to pay PACER fees at this time," thus establishing that they are indigent. (Dkt. No. 27). They have also demonstrated that their PACER search privileges have been disabled due to nonpayment. (Dkt. Nos. 27; 27-1). We find that Plaintiffs fall within the class of PACER users eligible for a fee exemption and that they have demonstrated that an exemption is necessary to avoid unreasonable burdens and to promote public access to information. See In re Club Ventures Invs. LLC, 507 B.R. at 99–100. Accordingly, the PACER Request is **GRANTED** with respect to Kulitz.

Kulitz shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this Court with respect to the action captioned Kulisz v. Payal, Inc., No. 25 Civ. 10846 (S.D.N.Y.) (AT) (SLC) in which she is a Plaintiff.[2]  Kulitz shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court. Additionally, the following limitations apply:

1.  This fee exemption applies only to Kulitz and is valid only for the purposes stated above.

2.  This fee exemption does not apply to the Other SDNY Cases.  (See n.1, supra).

3.  This fee exemption applies only to the electronic case files of this Court that are available through the PACER system.

4.  By accepting this exemption, Kulitz agrees not to sell for profit any data obtained as a result of receiving this exemption.

5.  Kulitz is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases.

6.  This exemption is valid retroactively from December 30, 2025, the date on which Plaintiffs filed their complaint (Dkt. No. 1), until the date on which this case is closed.

This exemption may be revoked at the discretion of the Court at any time.  A copy of this Order shall be sent to the PACER Service Center.

---

[2] The PACER Request also requests a PACER fee exemption in the following cases that are not referred to the undersigned: (i) Kulisz v. The City of New York, No. 26 Civ. 981 (S.D.N.Y.) (JLR); (ii) Kulisz v. The City of New York, No. 25 Civ. 10303 (S.D.N.Y.) (JMF); and (iii) Kulisz v. The City of New York, No. 26 Civ. 1082 (S.D.N.Y.) (LTS) (together, the "Other SDNY Cases").  As stated below, this exemption does not apply to the Other SDNY Cases.

The Clerk of Court is respectfully directed to:

1. Mail a copy of this Order to Magdalena Kulisz at 209 East 83rd Street #1, New York, NY 10028;

2. Mail a copy of this Order to Shahar Kenan at 209 East 83rd Street #1, New York, NY 10028; and

3. Close Dkt. No. 27.

Dated:      New York, New York
            July 1, 2026

SO ORDERED.

SARAH L. CAVE
United States Magistrate Judge